UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DONALD CRAIG KESSACK,               )
                                    )
            Petitioner,             )        CASE NO.    C05-1828-TSZ-MJB
                                    )                    (CR89-272Z)
     v.                             )
                                    )
UNITED STATES OF AMERICA,           )        REPORT AND RECOMMENDATION
                                    )
            Respondent.             )
_____)

## INTRODUCTION

Petitioner is a federal prisoner who is serving a 30-year sentence for conspiracy to distribute cocaine. He has submitted to this court for consideration a petition for writ of *audita querela* under the All Writs Act, 28 U.S.C. § 1651. The petition has not been served on respondent. Having considered the petition and the balance of the record, the court recommends, for the reasons set forth below, that petitioner's petition for writ of *audita querela* be denied.

## BACKGROUND

The Ninth Circuit Court of Appeals summarized the facts in petitioner's criminal case as follows:

> Donald Craig Kessack, Robert M. Petty, Melvin Lee Dewitt, Pasqual Debraine, Jordan Rodriquez-Quintal, Jr. and Gary Granger were all convicted of conspiracy to distribute cocaine in the State of Washington between 1984 and 1989. Kessack was the kingpin. He once bragged of selling 10 kilograms of cocaine a week for six straight months. The DEA began investigating Kessack in 1985. The investigation was sporadic until 1987, when it became a DEA task force case. Confidential informants, toll records, controlled

REPORT AND RECOMMENDATION
PAGE - 1

purchases and surveillance established that Kessack was distributing large amounts of cocaine in the Seattle area and laundering the profits through a floor covering business. But the identity of Kessack's confederates and the scope of their conspiracy remained a mystery. In July 1989 the DEA obtained a warrant to wiretap the telephones and telephonic pagers of Kessack and Neil Ellis Stokes, a retailer for Kessack who eventually pled guilty and testified for the government. The wiretaps uncovered massive evidence of the defendants' cocaine trafficking. This evidence and its fruits were the prosecution's chief weapons in convicting most of the defendants.

The defendants were named in a 90-count superseding indictment on September 28, 1989 and convicted after a month-long jury trial.

*United States v. Kessack*, Unpublished Opinion, 983 F.2d 1078 (table) (9th Cir. 1993).

Petitioner was sentenced to 360 months in prison. He appealed to the Ninth Circuit and that court affirmed his conviction. *United States v. Kessack*, Unpublished Opinion, 983 F.2d 1078 (table) (9th Cir. 1993). Petitioner also challenged his conviction by way of a motion under 28 U.S.C. § 2255 and the Ninth Circuit has twice denied his application to file a second or successive such motion. *See Kessack v. United States*, No. 01-70057 (Order entered February 24, 2001); *Kessack v. United States*, No. 05-71909 (Order entered June 24, 2005).

On October 31, 2005, petitioner submitted to the court the instant petition for writ of error *audita querela*. (Dkt. #1). Petitioner asserts in his petition that he is entitled to relief from the judgment imposed by this court under a series of cases culminating in the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005). (Dkt. #1 at 2). The petition was referred to the undersigned United States Magistrate Judge on November 21, 2005. (Dkt. #9). Because it is clear from the face of the petition that petitioner is not entitled to relief, the court has not directed respondent to file a response, and the matter is now ready for review.

<u>DISCUSSION</u>

<u>Availability of Writ of *Audita Querela*</u>

The initial question for this court to consider is whether the writ of *audita querela* provides petitioner with an avenue of relief. Petitioner argues in his petition that a motion under § 2255 will not afford him adequate relief and that a petition for writ of *audita querela* is therefore the only

REPORT AND RECOMMENDATION
PAGE - 2

1   avenue available to him to attack his sentence. (Dkt. #1 at 2-3). At common law, the writ of *audita*

2   *querela* was available solely to a judgment debtor who sought relief against a judgment or execution

3   when a legal defense or discharge arose after the issuance of the judgment. *Doe v. Immigration and*

4   *Naturalization Service*, 120 F.3d 200, 202 (9th Cir. 1997); *see also* Wright, Miller, and Kane,

5   *Federal Practice and Procedure*, § 2867 at 393-94 (1995). Hence, the writ of *audita querela* could

6   be used to attack a judgment that was correct when issued, but later rendered infirm due to a legal

7   defect. *Doe*, 120 F.3d at 203 n.4.

8       In 1946, the Federal Rules of Civil Procedure expressly abolished all of the common law

9   writs, including *audita querela*. Fed. R. Civ. P. 60(b); *United States v. Beggerly*, 524 U.S. 38, 44-

10  45 (1998); *Doe*, 120 F.3d at 202. The Supreme Court has nevertheless held that *audita querela*, and

11  the other common law writs, survive as a way to collaterally attack criminal sentences in very narrow

12  circumstances.[1] *United States v. Morgan*, 346 U.S. 502, 510-11 (1954); *United States v. Gowell*,

13  374 F.3d 790, 795 n.3 (9th Cir. 2003). *Audita querela* and the other writs are now available "only

14  to the extent that they fill 'gaps' in the current systems of postconviction relief." *United States v.*

15  *Valdez-Pacheco*, 237 F.3d 1077, 1079 (9th Cir. 2000).

16      Federal prisoners may not, however, use the writ of *audita querela* as a substitute for a §

17  2255 motion to challenge their conviction or sentence. *Valdez-Pacheco*, 237 F.3d at 1080; *see also*

18  *United States v. Johnson*, 962 F.2d 579, 582 (7th Cir. 1992); *United States v. Banda*, 1 F.3d 354,

19  356 (5th Cir. 1993). In such cases, there is simply no "gap" in the postconviction remedies that

20  needs to be filled. *Valdez Pacheco*, 237 F.3d at 1080. In *Valdez-Pacheco*, the Ninth Circuit

21  specifically held that *audita querela* is not available to federal prisoners merely because the

22  Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") prevents them from filing a

23  second or successive § 2255 motion. *Valdez-Pacheco*, 237 F.3d at 1080. The court made clear that

24  "[a] prisoner may not circumvent valid congressional limitations on collateral attacks by asserting

25

26      [1] Some courts have questioned whether the writ of *audita querela* survives at all. *See Doe*, 120 F.3d at 204 n.5 (collecting cases).

REPORT AND RECOMMENDATION
PAGE - 3

1  that those very limitations create a gap in the postconviction remedies that must be filled by the

2  common law writs." *Id.* (citations omitted).

3       Here, petitioner's challenge is plainly the type of challenge cognizable in a § 2255 motion.

4  Indeed, the face of the petition indicates that petitioner seeks relief from his federal court sentence

5  under *Booker*. (Dkt. #1 at 2). This is precisely what a § 2255 motion is designed to do. The fact

6  that petitioner has labeled this a petition for writ of *audita querela* does not change its actual

7  substance. Petitioner's claims should be brought as a § 2255 motion. Although AEDPA may bar

8  petitioner from filing a second or successive § 2255 petition, that alone does not render *audita*

9  *querela* the proper vehicle for his claims. The petition should therefore be denied. Because this

10  court concludes that a petition for writ of *audita querela* is not the proper vehicle for petitioner to

11  raise his claims, it need not consider his other arguments. *See Valdez-Pacheco*, 237 F.3d at 1080.

12  <u>CONCLUSION</u>

13       Because petitioner seeks relief from the sentence imposed by this federal court, his claims

14  could be brought in a § 2255 motion, if such review were still available to him. As a result, a

15  petition for a writ of *audita querela* is not the proper vehicle for his claims. This court therefore

16  recommends that the petition be denied and that this action be dismissed. A proposed order

17  accompanies this Report and Recommendation.

18       DATED this 28th day of November, 2005.

19

20

21  _____

22  MONICA J. BENTON
   United States Magistrate Judge

23

24

25

26

REPORT AND RECOMMENDATION
PAGE - 4